**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 7, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

HANEEN SALEH,

     Plaintiff - Appellant,

v.

KEDIR KIMO; SUN COAST GEN. INS.
AGENCY LLC; R&M PROFESSIONAL
SERVICES,

     Defendants - Appellees.

_____

HANEEN SALEH,

     Plaintiff - Appellant,

v.

CIMINO AND DENHAM, LLC;
RICHARDS AND SIMPSON;
CATHERINE JOAN BURNETT
DOTSON; BRIAN C. DOTSON; USAA
INSURANCE COMPANY; LAUFER T.
JAMES; MOHIE ALDEEN MALIKI,

     Defendants - Appellees.

_____

No. 20-1094
(D.C. No. 1:19-CV-03243-LTB-GPG)
(D. Colorado)

No. 20-1095
(D.C. No. 1:19-CV-03242-LTB-GPG)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of these
appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may

_____

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.
_____

Haneen Saleh—proceeding pro se[1]—appeals the dismissal without prejudice of her amended complaints in two cases. We affirm in both cases because Ms. Saleh's appellate briefs do not explain how the district court erred in its determination that it lacked subject matter jurisdiction, and because our review of Ms. Saleh's arguments is barred by the firm waiver rule.

## I.  BACKGROUND

### A.  *Appeal No. 20-1094*

On November 15, 2019, Ms. Saleh filed a complaint—on behalf of herself and other unnamed persons—asserting two claims against Kedir Kimo, Sun Coast General Insurance Agency, and R&M Professional Services. Ms. Saleh styled her first claim as "legal system in the law," and accused each defendant of taking part in insurance fraud related to a car accident. ROA 8, 55–56 (accident report). Ms. Saleh's second claim made brief reference to her husband and children's "rights of safety" but ultimately described that claim as being the "same as claim one." ROA 10.

---

be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Ms. Saleh appears pro se, "we liberally construe [her] filings, but we will not act as [her] advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

Four days later, the district court ordered Ms. Saleh to cure deficiencies in the complaint. On December 17, 2019, Ms. Saleh filed an amended complaint restating the allegations that previously appeared in claim one and omitting claim two.

On January 6, 2020, the district court issued an order to show cause why Ms. Saleh's complaint should not be dismissed for lack of standing and jurisdiction. On January 29, 2020, Ms. Saleh responded that she had standing to assert claims on behalf of her husband through a power of attorney. Ms. Saleh further alleged that the district court had diversity jurisdiction to hear her case because she is a "citizen of Texas[,] not Colorado," and because Sun Coast General Insurance Agency is "located in California." ROA 36–37.

On February 13, 2020, a magistrate judge recommended that Ms. Saleh's amended complaint be dismissed for lack of standing and subject matter jurisdiction, and for failure to comply with Federal Rule of Civil Procedure 8. Ms. Saleh did not file objections to the magistrate judge's recommendation within fourteen days. The district court adopted the magistrate judge's recommendation and dismissed Ms. Saleh's amended complaint without prejudice.

On March 4, 2020, Ms. Saleh filed a letter with the district court explaining that, in addition to representing her husband, she is also representing herself and her children. Ms. Saleh's letter also explained that local lawyers had refused to take her case. That same day, Ms. Saleh filed a motion for the appointment of counsel. The district court determined that Ms. Saleh's letter was not timely filed and that her motion for appointment of counsel was moot. Ms. Saleh timely filed a notice of appeal.

3

## B. *Appeal No. 20-1095*

On November 15, 2019, Ms. Saleh filed a complaint—on behalf of herself and other unnamed persons—against Cimino and Denham LLC, Richards and Simpson, Catherine Joan Burnett Dotson, Brian C. Dotson, USAA Insurance Company, "the 3rd defendant witness," and Laufer T. James. ROA 5–6. Ms. Saleh's complaint specifically alleged that (1) Cimino and Denham LLC lost Ms. Saleh's case files and kicked her out of their office; (2) Richards and Simpson presented a fake police report about a car accident; (3) the Dotsons and Laufer T. James "track[ed] and monitor[ed]" Ms. Saleh after a car accident; (4) USAA conspired with Ms. Saleh's doctors to thwart her insurance claim; and (5) "the 3rd defendant witness" concealed information about the car accident in an attempt to benefit the Dotsons. ROA 8–9.

Four days later, the district court ordered Ms. Saleh to cure deficiencies in the complaint. On December 17, 2019, Ms. Saleh filed three separate amended complaints that restated the allegations in the original complaint. In one of the amended complaints, Ms. Saleh added Mohie Aldeen Maliki as a new defendant. Specifically, Ms. Saleh alleged that Mohie Aldeen Maliki produced fraudulent insurance reports.

On January 7, 2020, the district court ordered Ms. Saleh to file a single pleading containing all her claims for relief. Rather than submit a new amended complaint, Ms. Saleh filed a handwritten reply explaining the basis for standing and the district court's subject matter jurisdiction.

On February 13, 2020, a magistrate judge recommended that Ms. Saleh's amended complaints be dismissed (1) for lack of standing and subject matter jurisdiction,

4

(2) because the amended complaints are barred by the *Rooker-Feldman* doctrine, and (3) because Ms. Saleh failed to comply with Federal Rule of Civil Procedure 8. Ms. Saleh did not file objections to the magistrate judge's recommendation within fourteen days. The district court adopted the magistrate judge's recommendation and dismissed Ms. Saleh's amended complaints without prejudice.

Ms. Salah then filed a letter explaining the factual circumstances surrounding her lawsuit, together with a motion for the appointment of counsel. The district court ruled Ms. Saleh's letter untimely and denied her motion as moot. Ms. Saleh then timely filed a notice of appeal.

## II.    DISCUSSION

### A.    *The Merits*

We affirm the district court's dismissal of Ms. Saleh's amended complaints for two independent reasons: First, Ms. Saleh's briefs submitted to this court do not explain how the district court erred in its reasoning. Second, Ms. Saleh is subject to the firm waiver rule because she did not timely file objections to the magistrate judge's recommendations.

### 1.  Inadequate Briefing

An appellant's opening brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). "Consistent with this requirement, we routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).

5

"Stated differently, the omission of an issue in an opening brief generally forfeits appellate consideration of that issue." *Id.* These requirements apply equally to pro se litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005).

In appeal No. 20-1094 and in appeal No. 20-1095, Ms. Saleh filed opening briefs that merely restate the allegations contained in her amended complaints. Specifically, Ms. Saleh argues that an unnamed individual filed fraudulent insurance claims pertaining to a car accident involving Ms. Saleh's husband, when in fact no such accident ever took place. Ms. Saleh faults the district court for failing to conduct any hearings in either case but does not otherwise explain why the district court's legal conclusions were erroneous.

Because Ms. Saleh's briefs do not identify any specific legal errors committed by the district court that might merit reversal, we are obliged to affirm. We acknowledge that Ms. Saleh and her husband struggle to understand English, but that fact does not authorize us to "fill the void by crafting arguments and performing the necessary legal research." *Id.* (quoting *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001)).

## 2. Firm Waiver Rule

"This court has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005). "This rule does not apply, however, when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Id.*

6

The firm waiver rule applies in appeal No. 20-1094 and in appeal No. 20-1095. In neither case did Ms. Saleh file timely objections to the magistrate judge's recommendation.

The first exception to the firm waiver rule does not apply in either case. The magistrate judge informed Ms. Saleh of the time limit for filing objections and of the consequences of failing to do so.

The "interests of justice" exception also does not apply. Relevant factors include "a *pro se* litigant's effort to comply, the force and plausibility of the explanation for [her] failure to comply, and the importance of the issues raised." *Id.* at 1120. Here, Ms. Saleh does not explain why she failed to timely file written objections to the magistrate judge's recommendations. And even if we were to liberally construe Ms. Saleh's limited English as providing such an explanation, the interests of justice would not favor waiving the rule in this case. Our own review of the record reveals that Ms. Saleh never alleged complete diversity between the parties to either lawsuit. Consequently, the district court did not commit any "plain error" in its determination that it lacked subject matter jurisdiction. *See id.* at 1122 (analogizing the interests of justice exception to plain error review). For these reasons, the firm waiver rule applies and bars us from reviewing Ms. Saleh's arguments.

**B.** *Motion to Proceed in Forma Pauperis*

In appeal No. 20-1094 and in appeal No. 20-1095, Ms. Saleh filed motions to proceed in forma pauperis. "In order to succeed on [her] motion[s], an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned,

7

nonfrivolous argument on the law and facts in support of the issues raised on appeal."

*DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Ms. Saleh has not met this

burden; our review of the record reveals no nonfrivolous argument in support of her

appeals. Accordingly, we also deny Ms. Saleh's motions to proceed in forma pauperis.

## III.    CONCLUSION

For the foregoing reasons, we **AFFIRM** in appeal No. 20-1094 and in appeal

No. 20-1095. We also **DENY** Ms. Saleh's motions to proceed in forma pauperis in both

appeals.

Entered for the Court


Carolyn B. McHugh
Circuit Judge